IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONRAD TRUMAN,<br><br>                Plaintiff,<br><br>v.<br><br>OREM CITY, a Utah municipality; OREM CITY POLICE DEPARTMENT, a division of Orem City; OREM CITY POLICE OFFICER THOMAS WALLACE, an individual; OREM CITY POLICE OFFICER WILLIAM CROOK, an individual; OREM CITY POLICE OFFICER ORLANDO RUIZ, an individual; OREM CITY POLICE OFFICER ART LOPEZ, an individual; OREM CITY POLICE OFFICER TODD FERRE, an individual; UTAH COUNTY ATTORNEY'S OFFICE, a division of Utah County; DEPUTY UTAH COUNTY ATTORNEY CRAIG JOHNSON, an individual; OFFICER(S) JOHN/JANE DOE 1 -10, individuals; and ATTORNEY(S) JOHN/JANE DOE 1-5, individuals.<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO ORDER OF MAGISTRATE JUDGE<br><br><br>Case No. 2:17-CV-775 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Defendants' Objection to the Magistrate Judge's Decision. On February 22, 2019, Magistrate Judge Furse granted in part and denied in part a motion to quash a subpoena filed by Ronald Yengich—Plaintiff's former counsel.

       Under Federal Rule of Civil Procedure 72(a), a district judge reviewing a magistrate judge's order on nondispositive matters "must consider timely objections and modify or set aside

any part of the order that is clearly erroneous or is contrary to law."[1]  This requires that the Court be "left with the definite and firm conviction that a mistake has been committed."[2]

In this case, Defendants have failed to demonstrate that Judge Furse's decision was clearly erroneous or contrary to law.

It is therefore

ORDERED that Defendants' Objection to Magistrate Judge Decision (Docket No. 79) is OVERRULED.  It is further

ORDERED that Plaintiff supplement his privilege log in compliance with Magistrate Judge Furse's Decision (Docket No. 78) within 15 days of this Order.

DATED this 30th day of April, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] *See also*, 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).