IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONRAD TRUMAN,<br><br>        Plaintiff,<br><br>v.<br><br>OREM CITY, a Utah municipality; OREM CITY POLICE DEPARTMENT, a division of Orem City; OREM CITY POLICE OFFICER THOMAS WALLACE, an individual; OREM CITY POLICE OFFICER WILLIAM CROOK, an individual; OREM CITY POLICE OFFICER ORLANDO RUIZ, an individual; OREM CITY POLICE OFFICER ART LOPEZ, an individual; OREM CITY POLICE OFFICER TODD FERRE, an individual; UTAH COUNTY ATTORNEY'S OFFICE, a division of Utah County; DEPUTY UTAH COUNTY ATTORNEY CRAIG JOHNSON, an individual; OFFICER(S) JOHN/JANE DOE 110, individuals; and ATTORNEY(S) JOHN/JANE DOE 1-5, individuals,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:17-CV-775 TS-EJF<br><br>District Judge Ted Stewart |

      This matter is before the Court on a Motion for Summary Judgment filed by Defendants City of Orem, Orem City Police Department, Officer Thomas Wallace, Officer William Crook, Officer Orlando Ruiz, Officer Art Lopez and Officer Todd Ferre (collectively, "Defendants"). For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

      Conrad and Heidy Truman were at home together on September 30, 2012. No one else was in the home. At some point that evening, the couple began to quarrel and Heidy went into

1

the bathroom and locked the door. Mr. Truman then picked the lock and followed her into the bathroom, but left after Heidy asked him to. Later, Mr. Truman was in the kitchen alone when he thought he heard the bathroom door open. A moment later he heard a "pop" sound. Heidy Truman was located toward the back of the house, near the bathroom doorway. She fell forward toward Mr. Truman onto the dining room floor. Rushing to help her, he quickly realized she was bleeding profusely from the side of her head and was struggling to breathe. He attempted CPR and then called 911.

When police arrived at the scene, they found Mr. Truman covered in blood, intoxicated, and in shock. He had to be removed from Heidy Truman's body and threatened to kill the police officers if they did not save her life. Heidy was taken to the hospital, where she later died of her wounds.

After a months-long investigation, police ultimately arrested Mr. Truman and charged him with his wife's murder. Mr. Truman was tried and convicted of murder and obstruction of justice. After trial, Mr. Truman, though new counsel, filed a number of motions with the state court. As a result of one of these motions, Mr. Truman was granted a new trial based on newly discovered evidence and was eventually acquitted.

Mr. Truman brings the present § 1983 action against the police officers and prosecutors involved in his criminal prosecution, as well as Orem City, the Orem City Police Department, and the Utah County Attorney's Office ("UCAO"). Defendants Utah County Deputy Prosecutor Craig Johnson and the UCAO have been dismissed from the case. The remaining Defendants now seek summary judgment on Plaintiff's remaining causes of action.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

## III. DISCUSSION

A.     FIRST CAUSE OF ACTION

Plaintiff alleges that Orem City police officers William Crook, Orlando Ruiz, Art Lopez, and Todd Ferre illegally detained and questioned him on the night of Heidy's death and into the next day. Plaintiff also alleges that he was not properly Mirandized and that he was held without probable cause or reasonable suspicion.

In moving for summary judgment, Defendants argue that this claim is barred by the statute of limitations. Both parties agree that the statute of limitations for a § 1983 action is a matter of state law, and that the term is four years under the applicable Utah law. However, the parties disagree about when the claim accrues.

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

Defendants argue that the claim accrues after the action occurs. Therefore, because the alleged bad actions took place on September 30, 2012, and October 1, 2012, the statute of limitations began to run immediately and expired on October 1, 2016.

Plaintiff argues that the statute of limitations should be tolled because his claim involves not only allegations of unlawful detention and interrogation, but also use of the acquired statements in his prosecution. Plaintiff therefore argues that the claim accrued on July 19, 2013, when charges were brought against him that relied on his illegally obtained statements.

In *Wallace v. Kato*,[4] the United States Supreme Court considered when the statute of limitation in a § 1983 case should accrue where the plaintiff alleged unlawful arrest. The Court noted that "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."[5] In the case of a § 1983 claim based on an improper arrest, the statute of limitations begins to run when that unlawful detention ends.[6]

The plaintiff in that case argued that his release from custody must be the date of accrual, because the "unlawful arrest led to the coerced confession, which was introduced at his trial, producing his conviction and incarceration."[7] However, the Supreme Court noted that after the initial detention, a magistrate judge had ruled to bind over plaintiff for trial, thus ending any harm caused by the initial unlawful detention. "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process

---

[4] 549 U.S. 384 (2007).

[5] *Id.* at 388 (internal citation and quotation marks omitted).

[6] *Id.* at 389.

[7] *Id.* at 391.

rather than detention itself."[8]  With regard to the original arrest, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[9] The Tenth Circuit has similarly held that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."[10]

In this case, the basis of Plaintiff's claim was known on October 1, 2012, when he was detained and questioned. Plaintiff may not pursue other harms under the same cause of action, even those that follow as natural consequences of the original harm. Therefore, the date of accrual is October 1, 2012, and the statute of limitations expired on October 1, 2016. Because Plaintiff filed his complaint on July 12, 2017, it is outside the statute of limitations and the Court will grant summary judgment on his first cause of action.

B.  SECOND THROUGH EIGHTH CAUSES OF ACTION

Defendants contend that Plaintiff's second through eighth causes of action are barred by issue preclusion. These six separate causes of action include a wide array of allegations, including lack of probable cause for warrants and subpoenas (second cause of action), unlawful arrest (third cause of action), unlawful pretrial detention (fourth cause of action), malicious prosecution (fifth cause of action), manufacturing and fabricating evidence (sixth cause of action), lack of probable cause in criminal information (seventh cause of action), and unfairness of criminal trial (eighth cause of action).

---

[8] *Id.* at 390 (internal citation and quotation marks omitted).

[9] *Id.* at 391 (internal citation and quotation marks omitted).

[10] *Johnson v. Johnson Cty. Comm'n. Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

5

In *Allen v. McCurry*,[11] the United States Supreme Court found that the doctrines of res judicata and collateral estoppel apply to § 1983 actions.[12] The Court reasoned that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."[13] The Tenth Circuit follows *Allen v. McCurry*, in applying preclusion doctrines to § 1983 actions.[14] In doing so, it analyzes the preclusive effect of state court judgments under state law.[15]

Under Utah law, "[i]ssue preclusion applies only when the following four elements are met":

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.[16]

In opposing summary judgment based on issue preclusion, Plaintiff asserts that 1) the state court's probable cause finding is not binding, 2) probable cause is properly a question for a

---

[11] 449 U.S. 90 (1980).

[12] *Id.* at 104–05.

[13] *Id*. at 96.

[14] *See, e.g.*, *Cook v. Aagard*, 547 F. App'x 857, 859 (10th Cir. 2013) ("A federal civil rights plaintiff may be collaterally estopped from litigating a § 1983 claim by a state court criminal judgment, so long as he had a full and fair opportunity to litigate the issue at the state criminal proceedings.") (citing *Allen*, 449 U.S. at 104–05).

[15] *Id.* ("The preclusive effect in federal court of a state judgment is governed by the state's preclusion rules."); *Dixon v. Richer*, 922 F.2d 1456, 1459 (10th Cir. 1991) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. This practice promotes the comity between state and federal courts that has been recognized as a bulwark of the federal system.") (internal quotations and citations omitted).

[16] *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 29, 194 P.3d 956, 965 (internal citation and quotation marks omitted).

jury, 3) he was refused an evidentiary hearing, and 4) the probable cause finding was "based solely upon the tainted information provided by Defendants."[17] These arguments appear to only contest the third point of Utah's preclusion analysis, whether the probable cause issue was fully and fairly litigated in state court.

Regarding Plaintiff's first argument, as discussed above, a state court's finding of probable cause finding may have preclusive effect in a § 1983 action. Regarding Plaintiff's second argument, Plaintiff does not identify, and the Court is unaware of, any case law that requires a probable cause finding to be made by a jury in order for it to have preclusive effect. Plaintiff's third and fourth arguments are addressed in greater detail below.

Plaintiff asserts in his Amended Complaint that his "requests to quash the previous bindover or for a new preliminary hearing were opposed, almost summarily denied, and the state court relied upon the tainted evidence and the tainted probable cause findings made previously at the preliminary hearing."[18]

However, a review of the record does not suggest any reason for the Court to doubt the thoroughness or fairness of the state court's decisions. The state court issued a number of decisions in January 2017 relevant to the issues before the Court. In its Order on Defendant's Combined Motion for Bill of Particulars; Bar to Prosecution; and New Preliminary Hearing, the state court found that probable cause remained, even taking into account the various arguments made by Mr. Truman.[19] In its Order Denying Defendant's Renewal of Motions to Continue Trial; to Suppress Statements and Request for Pretrial Evidentiary Hearing; and Relating to

---

[17] Docket No. 90, at 46.
[18] Docket No. 38, at 148.
[19] Docket No. 81 Ex. 10, at 33–34.

Probable Cause Findings, the court stated: "The Court heard the evidence in this case at the preliminary hearing long ago and has noted the variety of evidence supporting probable cause."[20]

The state court also made specific findings related to the existence of probable cause in the warrant and supporting affidavits, which Mr. Truman argued were filled with inaccuracies and omitted critical information. The court stated:

> The Court reviewed the affidavits and warrants issued by other district court judges in this matter[] and sees no reason to believe the warrants were not supported by affidavits showing probable cause. There were enough facts presented to show such things as a defendant covered in blood, giving a story that did not necessarily match what could be seen at the location of the alleged crime including no blood from the alleged victim in the area where defendant claims the sound of the pop came from, the defendant making threats, being evasive about a handgun and other details, the defendant making admissions and inconsistent statements, created probable cause a criminal homicide had been committed by defendant.[21]

The court pointed to "additional unchallenged information in the warrants to support probable cause."[22] The court also noted that Plaintiff failed to show that "the officers were providing information they knew or should have known was false if they were not being reckless."[23]

With respect to the administrative subpoenas challenged by Mr. Truman, the state court found that they were supported by good cause and were reasonably related to the investigation.[24]

Finally, in its Order on Defendant's Motion to Dismiss for Outrageous Government Conduct, the state court made a number of relevant findings. First, as to the incorrect

---

[20] *Id.* at 2.

[21] *Id.* at 9.

[22] *Id.* at 10.

[23] *Id.*

[24] *Id.* at 15.

measurements, the court found they were due to ineptitude and carelessness.[25]  "Just because something was wrong does not mean the prosecutors or police were being deceitful."[26]  With regard to the testimony of the medical examiner, the state court found that it was not intentionally falsified.[27]  As to financial motive evidence, while the court found it to be weak, "there is no indication that the prosecution lied about it."[28]  And ruling on the 94-second phone call, the court found no deliberate falsehood by police or prosecutors.[29]

Plaintiff asserts that the state court's finding of probable cause was "based solely upon the tainted information provided by Defendants."[30]  This argument is not supported by the record.  Plaintiff claims that the finding was based on "only a few material facts," including, "the purported distance Heidy traveled in conjunction with the Medical Examiner's opinion that Heidy would have dropped almost immediately," the fact that Heidy's death had been classified as a homicide, and gunshot residue ("GSR") evidence.[31]  However, the record demonstrates that the state court judge also considered other evidence sufficient to independently support probable cause.[32]  Further, even after being informed of the issues that make up Plaintiff's Complaint, the state court repeatedly continued to find the existence of probable cause, as discussed.  Therefore,

---

[25] *Id.* at 28.
[26] *Id.* at 29.
[27] *Id.*
[28] *Id.* at 30.
[29] *Id.* at 31.
[30] Docket No. 90, at 46.
[31] *Id.* at 46 n.72.
[32] *Id.* 90 Ex. 9, at 26–32.

issue preclusion does apply and, as discussed below, bars Plaintiff's second through eighth causes of action.

   1.   *Second and Third Causes of Action*

Plaintiff's second cause of action asserts a lack of probable cause for warrants and investigative subpoenas. His third cause of action alleges an unlawful arrest. As set forth above, the state court considered and rejected these very arguments. Therefore, Plaintiff is precluded from relitigating them. Even if the Court were to reopen the probable cause inquiry, based on the evidence Plaintiff has presented, no reasonable jury could conclude that the warrants in this case, including the arrest warrant, were not supported by probable cause.

To prove that each warrant lacked probable cause, Plaintiff would need to show that after setting aside all false information, and including all omitted exculpatory evidence, each warrant lacked probable cause.[33] Plaintiff would also need "proof that the affiant seeking [each] warrant knew that the challenged information was false or that he had a reckless disregard for its truthfulness. 'Allegations of negligence or innocent mistake are insufficient.'"[34] "The burden is on the plaintiff to 'make a substantial showing of deliberate falsehood or reckless disregard for truth' by the officer seeking the warrant."[35] "[T]here must exist evidence that the officer in fact entertained serious doubts as to the truth of his allegations . . . and [a] factfinder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the

---

[33] *Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004).

[34] *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 114 (10th Cir. 1994) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56, 171)).

[35] *Stonecipher v. Valles*, 759 F.3d 1134, 1142 (10th Cir. 2014) (quoting *Snell v. Tunnell*, 920 F.2d 673, 698 (10th Cir. 1990)).

10

allegations."[36] Plaintiff has failed to make the necessary showing. Therefore, summary judgment is appropriate.

   2.   *Fourth Cause of Action*

Plaintiff's fourth cause of action alleges that he was unlawfully detained because of a lack of probable cause. Again, the state court decided this issue and Plaintiff is precluded from litigating it. Even if the Court were to reopen the probable cause inquiry, based on the evidence Plaintiff has presented, no reasonable jury could conclude that Plaintiff's pretrial detention was not based on probable cause.

   3.   *Fifth Cause of Action*

Plaintiff's fifth cause of action is a claim of malicious prosecution. Under Utah tort law, "lack of probable cause is an essential element of the tort of malicious prosecution."[37] Based on issue preclusion, the Court declines to allow Plaintiff to relitigate the state court's findings of probable cause. Therefore, the Court will grant Defendants' Motion for Summary Judgment as to this claim. Further, even if the Court were to reopen the probable cause inquiry, based on the evidence Plaintiff has presented, no reasonable jury could conclude that Plaintiff's arrest, continued confinement, or prosecution were not based on probable cause.

   4.   *Sixth Cause of Action*

In Plaintiff's sixth cause of action, he brings a claim under the Fourth and Fourteenth Amendments alleging that Defendants manufactured and/or fabricated inculpatory evidence and withheld exculpatory evidence. In *Pierce v. Gilchrist,* the Tenth Circuit reasoned that the closest

---

[36] *Beard*, 24 F.3d at 116 (internal citation and quotation marks omitted).

[37] *Taylor v. Meacham*, 82 F.3d 1556, 1561–62 (10th Cir. 1996) (citing *Hodges v. Gibson Prods. Co.,* 811 P.2d 151, 158 (Utah 1991)).

11

common law analogy to a § 1983 complaint alleging fabrication of inculpatory evidence and disregard of exculpatory evidence is malicious prosecution.[38] Adopting that reasoning, the Court will construe Plaintiff's sixth cause of action as a malicious prosecution claim, which fails for the reasons just stated. Moreover, there is no evidence from which a reasonable jury could conclude that Defendant manufactured, fabricated, or withheld material evidence.

   *5.    Seventh Cause of Action*

In his seventh cause of action, Plaintiff alleges that his criminal information was not based on probable cause. Based on issue preclusion, the Court declines to allow Plaintiff to relitigate the state court's findings of probable cause. Therefore, the Court will grant summary judgment as to the seventh cause of action. Even if the Court were to reopen the probable cause inquiry, Plaintiff has not presented adequate evidence such that a reasonable jury could conclude that his criminal information was not based on probable cause.

   *6.    Eight Cause of Action*

In his eighth cause of action, Plaintiff brings a claim under the Fourteenth Amendment alleging fundamental unfairness of his criminal trial. Plaintiff recounts essentially the same facts as the fifth cause of action for malicious prosecution but brings the claim under only the Fourteenth. However, as the Tenth Circuit reasoned in *Pierce v. Gilchrist*, analogizing such § 1983 claims to malicious prosecution is equally valid under the Fourth and Fourteenth Amendments.[39] Thus, this claim fails for the same reason as Plaintiff's fifth cause of action.

---

[38] 359 F.3d at 1291.

[39] *Id.* at 1287 n.5.

Moreover, the Tenth Circuit has noted that the Fourth Amendment, not the Fourteenth Amendment, governs such claims.[40]

C. EIGHTH CAUSE OF ACTION

To the extent that Plaintiff's eighth cause of action is not barred for the reasons stated, it fails on the merits. The Tenth Circuit "recognize[s] a § 1983 claim for a violation of Fourteenth Amendment substantive due process rights in the narrowest of circumstances."[41] "The conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power . . . [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."[42] "This standard is met in only the most extreme circumstances, typically involving some violation of physical liberty or personal physical integrity."[43] The evidence presented does not support a substantive due process claim. Therefore, the Court will grant summary judgment on this claim.

D. NINTH CAUSE OF ACTION

In his ninth cause of action, Plaintiff brings a claim against Orem City and the Orem City Police Department for unlawful policy, practice, and custom. Defendants move for summary

---

[40] *Taylor*, 82 F.3d at 1561; *see also Albright v. Oliver*, 510 U.S. 266, 268 (1994) (declining to recognize a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause").

[41] *Becker v. Kroll*, 494 F.3d 904, 922 (10th Cir. 2007).

[42] *Id.* at 922–23 (quoting *Livsey v. Salt Lake Cty.*, 275 F.3d 952, 957–58 (10th Cir. 2001)).

[43] *Id.* at 923.

judgment on this cause of action and Plaintiff offers no response. Therefore, the Court will grant summary judgment.

## IV. MOTION TO EXCLUDE

Also before the Court is Defendants' Expert Opinions of Plaintiff's Expert Robert Prevot. Because nothing in Mr. Prevot's report alters the Court's conclusions, the Court need not decide this Motion. However, the Court is in agreement with many of the arguments raised by Defendants with respect to Mr. Prevot's opinions.

## V. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 81) is GRANTED.

DATED this 8th day of August, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge