# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CONRAD TRUMAN,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**CRAIG JOHNSON,**<br><br>        **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 2:17-cv-775-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

      This matter is before the court on Plaintiff's Rule 56(d) Response to Motion for Summary Judgment [ECF No. 190]; Defendant's Motion for Summary Judgment [ECF No. 187]; and Defendant's Moton for Attorneys' Fees [ECF No. 191]. On May 3, 2024, Defendant filed a Motion for Summary Judgment, seeking judgment on Plaintiff's Sixth Cause of Action for Manufacturing and/or Fabricating Inculpatory Evidence and Withholding Exculpatory Evidence pursuant to 42 U.S.C. § 1983.   In response to the motion, Plaintiff filed a Rule 56(d) Response to Motion for Summary Judgment requesting discovery, specifically the ability to depose Defendant Craig Johnson, prior to the court's ruling on Defendant's motion. *See* Fed. R. Civ. P. 56(d).   Under Rule 56(d), "[i]f a nonmovant shows by affidavit . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [and/or] (2) allow time to obtain affidavits or declarations or to take discovery."

      Plaintiff states that he has had no opportunity to depose defendant. Defendant states that Plaintiff will not gain any information by deposing him that is not contained in his declaration. Although Defendant argues that his declaration can substitute for a deposition, it would be unusual

1

for a party's declaration not to be tested by the back and forth questioning a deposition provides. "The central tenet of Rule 56(f) [now 56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Pre-discovery motions for summary judgment are rarely granted and are disfavored. *See Patton v. General Signal Corp.*, 984 F. Supp. 666, 670 (W.D.N.Y. 1997). The granting of summary judgment with no discovery is to be "granted only in the clearest of cases" because of the importance of discovery for all parties. *Id.; see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-4 (2d Cir. 2003) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

In this case, the court concludes that Defendant's Motion for Summary Judgment is premature. In addition to the lack of documents from the county, Plaintiff has should have an opportunity to depose Defendant prior to summary judgment. The documents and Defendant's deposition are important to Plaintiff's ability to oppose summary judgment. Because the court concludes that additional discovery is necessary, the court GRANTS Plaintiff's Rule 56(d) request [ECF No. 190] and DENIES WITHOUT PREJUDICE Defendant's Motion for Summary Judgment [ECF No. 187] as premature. After the parties have conducted the appropriate discovery, Defendant may submit a renewed Motion for Summary Judgment.

Defendant also moves for attorney fees in connection with Plaintiff's withdrawal of a prior motion for summary judgment. Defendant seeks attorney fees as a sanction for abuse of the judicial process. There is no evidence that Plaintiff's withdrawal of his motion for summary judgment was done in bad faith or an abuse of the judicial process. The withdrawal of the motion

appears to have been reasonable and appropriate and withdrawn when it became apparent that the original objective of the motion could no longer be obtained. While the parties both put work into the motion and expended time and money, there is no evidence of bad faith justifying sanctions. Accordingly, Defendant's Motion for Attorney Fees [ECF No. 191] is DENIED.

DATED this 8th day of July 2024.

BY THE COURT

DALE A. KIMBALL
United States District Judge